IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA



Alexandria Division

| | |
|---|---|
| ISITRO LIBERATO, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | Criminal No. 1:10CR370<br>Civil Action No. 1:13CV44 |

**MEMORANDUM OPINION**

This case is before the Court on Isitro Liberato's ("Petitioner") Motion to Vacate, Set Aside or Correct His Sentence pursuant to Title 28, U.S.C. Section 2255.

On September 26, 2010, a thirty-three (33) count Indictment was returned charging the Petitioner and seven co-defendants with drug trafficking and firearms charges. The Petitioner was charged in eighteen (18) gun and drug counts. On November 15, 2010, the Petitioner pled guilty to Count 1, Conspiracy to Distribute 5 or More Kilograms of Cocaine, and Count 31, Possession of a Firearm in Furtherance of the Conspiracy. The Petitioner entered a signed Plea Agreement and Statement of Facts. At the plea hearing, the Petitioner swore under oath that he had reviewed the plea documents with his attorney, understood his rights, understood the charges against him, had done what

1

the Statement of Facts and Plea Agreement said he did, and wished to plead guilty. In exchange, the Government dismissed the remaining sixteen (16) counts of the Indictment against the Petitioner and gave him the opportunity to cooperate against the remaining co-defendants.

The Statement of Facts included the following relevant statements: "[O]n or about June 8, 2010, in Manassas, Virginia, within the Eastern District of Virginia, the defendant did unlawfully and knowingly possess a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)." "During the course and in furtherance of the conspiracy, the defendant obtained cocaine from YASIN ORIZA ARREOLA and others, and worked with KELVIN MARTINEZ and others to distribute the cocaine to his customers in Prince William County, Virginia, and elsewhere. The defendant also sold firearms and ammunition to his cocaine customers." "On or about June 8, 2010 at approximately 7:30 p.m. in a parking lot of a Giant grocery store in Manassas, Virginia, within the Eastern District of Virginia, the defendant sold approximately 14 grams of cocaine and a .38 caliber pistol to CS-1. Later, at approximately 11:09 p.m., the defendant met with CS-1 and sold CS-1 a .45 caliber semi-automatic pistol, two magazines, and 10 rounds of .45 caliber ammunition." The Statement of Facts also

detailed seven other occasions on which the Petitioner sold firearms and cocaine to the confidential informant.

On January 2, 2013, the Petitioner filed this § 2255 Motion alleging that his attorney, Peter L. Goldman, Esq., was constitutionally deficient for failing to conduct a "proper investigation" into the facts underlying the charge of possession of a firearm in furtherance of a drug trafficking offense, under 18 U.S.C. § 924(c), to which the Petitioner pled guilty. According to Mr. Goldman's Affidavit, the Petitioner and his attorney were provided extensive pre-plea discovery and also had the opportunity to discuss the Government's evidence with the case agents in a "reverse proffer." Counsel received seventeen reports of investigation detailing the various controlled buys involved in the case, including the June 8, 2010 controlled buys underlying Count 31. Counsel was also provided with access to wire intercepts involving the Petitioner at or near the preliminary hearing. Case agents and the prosecutor laid out their case for counsel and the Petitioner in a private meeting on October 26, 2010. Counsel subsequently discussed the charges, the evidence, and the plea offer with the Petitioner on October 26, 2010, as well as other occasions.

The Petitioner now alleges that Mr. Goldman was constitutionally ineffective because "there was no proper investigation made by petitioner's attorney before any plea

3

negotiation as required of his attorney." The Petitioner also seems to claim that his lawyer should have discouraged him from pleading guilty because there were two factors that could have formed a defense for the Petitioner: (1) "the petitioner was an addict, the drugs and guns he sold was to support his drug habit" and (2) the Petitioner did not carry the guns in this case to "protect the drugs or at all times with a threat of violence."

An attorney's representation is not ineffective unless it falls below an "objective standard of reasonableness." <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). In determining that standard with regard to any particular issue, there is a strong presumption that an attorney is acting reasonably. <u>Strickland</u>, 446 U.S. at 689. When a defendant pleads guilty and later seeks relief based on his attorney's ineffective assistance, the defendant must additionally show that but for the attorney's objectively unreasonable representation, the defendant would have chosen to plead guilty and go to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985).

For a firearm to be possessed "in furtherance" of drug trafficking, the jury may consider "the numerous ways in which a firearm might further or advance drug trafficking." <u>United States v. Lomax</u>, 293 F.3d 701, 705 (4th Cir.2002). The Fourth Circuit has recognized that a gun sale can be offered to

4

"sweeten the pot," attracting buyer and seller to one another because they can exchange several kinds of contraband with the same individual. See, e.g., United States v. Lipford, 203 F.3d 259 (4th Cir. 2000).

In this case, the Petitioner's Statement of Facts, Plea Colloquy, and his lawyer's review of the Government's evidence, make abundantly clear that the Petitioner sold two guns to his cocaine customer on June 8, 2010. The Petitioner makes no claim that he did not sell the guns and drugs to the confidential source. Indeed, he concedes in his § 2255 Motion that he made the sales: "the guns and drugs he sold were to support his drug habit." Mr. Goldman ensured that he had details about the controlled buys and the conspiracy well in advance of the plea. Mr. Goldman obtained the reports of the transactions months before the Petitioner's plea, reviewed the evidence, and discussed it openly with the case agents in his client's presence prior to the plea. Accordingly, Mr. Goldman's investigation into the facts in this case was thorough, supported by the record, and supported by the Petitioner's own statements in his Plea Colloquy, in his Statement of Facts, and in the instant Motion.

None of the factors that the Petitioner points to - his alleged drug addiction or the fact that he did not use the guns to protect his drugs - could form a defense to the charges in

this case. The conduct admitted to by the Petitioner in his own § 2255 Motion, selling guns and drugs to a customer in the context of a cocaine conspiracy, falls squarely within the definition of "possession of a firearm in furtherance of drug trafficking" set out in Lomax and Lipford. Petitioner's allegation that Mr. Goldman was ineffective for advising him accordingly therefore fails to demonstrate that Mr. Goldman was "objectively unreasonable" as required by Strickland. To the contrary, Mr. Goldman based his legal advice on the Petitioner's own admissions and a thorough investigation, the results of which ultimately established that the Petitioner's actions met the requirements for the charge in Count 31. Thus, Mr. Goldman's representation in advising the Petitioner with regard to his plea was without reproach.

For the foregoing reasons, the Petitioner's Motion must be denied.

An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
July 24, 2013